IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,394-02






EX PARTE WILLIAM KEEN PERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Johnson, J., filed a statement dissenting to denial of relief.



D I S S E N T I N G S T A T E M E N T



 Applicant complains that the Board of Pardons and Paroles has imposed, as a condition of
his release on parole, condition Z, a special condition that is unconstitutional in that it bars him from
entering Harris County "without prior approval." 

 The state responds that, pursuant to Tex. Gov't Code § 508.181(b), "A parole panel may
require a releasee to reside in a county other than the county required under Subsection (a) . . .." 
Subsection (a) is the default condition, which states that, "[e]xcept as provided by Subsections (b)
and (c), a parole panel shall require as a condition of parole or mandatory supervision that the
releasee reside in the county" in which the releasee resided at the time of the offense or in which the
offense was committed. Section 508.181(b)(1) allows deviation from the default condition in order
"to protect the life or safety of" the victim, the releasee, a witness, or "any other person," while
section 508.181(b)(2) allows a deviation to "increase the likelihood of the releasee's successful
completion of parole or mandatory supervision."

 The state also points out that a parole panel can impose as a condition of parole or mandatory
supervision any condition that may be imposed as a condition of community supervision. While
both assertions are true, requiring a releasee to reside in a given county is not at all the same as
barring a releasee from entering a given county. 

 "Outlawry" is "the state of being outlawed." (1) "To outlaw" is "to deprive of the benefits and
protection of the law." (2) A condition barring a releasee from entering a given county effectively
outlaws his entry into that county and thereby runs afoul of the Texas Constitution Article I, § 20,
Outlawry or transportation for offense: "No citizen shall be outlawed. No person shall be transported
out of the State for any offense committed within the same. . . ." Almost the same language
outlawing outlawry appears in Tex. Code Crim. Proc. Art. 1.18. 

 Applicant further contends that special condition Z is not only unconstitutional but
unnecessary because he is also subject to special condition V2, which prohibits any contact with his
victim by any means and going "near" his victim's residence, school, or place of employment or
business or "near" the school, day-care facility, a similar facility where a dependent child of the
victim is in attendance. (3) He has a point. Tex. Gov't Code § 508.181(b) permits a parole panel to
require a releasee to live in a county other than the default county only to: "protect the life or safety
of" the victim, the releasee, a witness, or "any other person," or "increase the likelihood of the
releasee's successful completion of parole or mandatory supervision, . . . ." Condition V2 appears
to handle the protection issues quite nicely, and the parole panel has not explained why it feels that
V2 is inadequate. The likelihood that applicant will successfully complete his parole or mandatory
supervision is greatly enhanced by being employed. Applicant has filed a sworn affidavit stating that
he has been unable to find employment in Montgomery County but has had several offers of
employment in Harris County, thus imposition of condition Z impedes applicant's efforts to
successfully complete his mandatory supervision. It appears to me that neither Tex. Gov't Code §
508.181(b)(1) or (b)(2) would support imposition of special condition Z, even if condition Z were
constitutional.

 I would grant relief and strike condition Z as unconstitutional. I respectfully dissent to denial
of relief.


Filed: May 23, 2012

Do not publish
1. Webster's Encyclopedic Unabridged Dictionary, Gramercy Books, 1989, p. 1022.
2. Ibid.
3. "Near" is a nebulous term that will inevitably be interpreted by the mind of the beholder and therefore
make it difficult for the Board to prove a violation. The Board of Pardons and Paroles would be well served by both
stating defined distances and editing the boiler-plate conditions to apply to the circumstances at hand. For example,
this applicant stands convicted of the unsuccessful solicitation of murder of his estranged wife, thus there is no need
for the language about "a close relative of the deceased victim." Likewise, in a case that does not involve a minor
child as either the victim or relative of the victim, the language barring a releasee's presence "near" a child's school
would be unnecessary.